| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>William H. Oliver, Jr.<br>OLIVER & LEGG, LLC<br>2240 Highway 33, Suite 112<br>Neptune, New Jersey 07753<br>732-988-1500<br>Attorney for Debtor/Plaintiff<br>WO-7129 | |
| In Re:<br><br>LENETO RUNEE WRIGHT<br><br>Debtor<br>................................................................<br>LENETO RUNEE WRIGHT<br><br>Plaintiff,<br><br>vs.<br><br>Trystone Capital Assets, LLC<br><br>Defendants. | Case No.: 20-12415<br><br>Adv. No:<br><br>Chapter: 13<br><br>Judge: ABA |

## COMPLAINT

Now comes Plaintiff, Leneto Runee Wright, by and through her attorneys, William H. Oliver, Jr., R. Cameron Legg and the Law Offices of Oliver & Legg, LLC, and hereby states as follows for his Complaint against Trystone Capital Assets, LLC:

### PARTIES, JURISDICTION AND VENUE

1. Jurisdiction in this matter exists by virtue of 28 U.S.C. 1334.

2. This matter is a core proceeding pursuant to 28 U.S.C. 157.

3. Venue in this matter is properly before this Court by virtue of 28 U.S.C. 1408.

4. Plaintiff Leneto Runee Wright (Plaintiff), is the Debtor in the above captioned case number and currently resides at 344 Velde Avenue, Pennsauken, NJ 08110.

5. Trystone Capital Assets, LLC is a business located in New Jersey, incorporated on November 3, 2015, with a business address of PO Box 1030, Brick, NJ, 08723.

## BACKGROUND

6. On July 10, 1982, Plaintiff married Marlene Gant, aka Marlene Wright. See **Exhibit A.**

7. On May 22, 1995, Marlene Wright, while married to Plaintiff, entered into an Installment Contract for Sale of Real Estate (the Agreement) with the Administrator of the Veterans Affairs for real property described as 344 Velde Avenue, Delair, New Jersey (the "Property"). See **Exhibit B**.

8. Pursuant to section 4 of the Agreement, Marlene Wright was to pay the sum of $40,006, with $400 in cash prior to or upon execution of the contract and $39,606 with an 8% annual interest rate, payable at the rate of $331.28 beginning July 1, 1995, due in full by June 1, 2015 if not fully paid sooner.

9. Upon receipt of the full payment, the Agreement required the Seller to execute and deliver a Special Warranty Deed conveying to Marlene Wright title to the Property. See Exhibit B, Section 18.

10. On September 27, 1995, The Administrator of Veterans Affairs deeded its interest in the Property to Bankers Trust Company of California. See **Exhibit C**, specifically Parcel # 5.

11. Bankers Trust Company of California would become Deutsche Bank National Trust Company which was succeeded by Countrywide Home Loans, Inc., which was succeeded by merger to Bank of America, N.A.

12. On November 19, 2012, the Agreement was paid in full, thereby making Marlene Wright the lawful owner of the Property. See **Exhibit D**.

13. On December 13, 2012, Marlene Wright, still married to Plaintiff, died intestate. See **Exhibit E**.

14. Accordingly, pursuant to N.J. Stat. § 3B:5-3, Marlene Wright's entire intestate estate passed to Plaintiff as the surviving spouse, including the Property.

15. Under N.J.S.A. 3B:1-3 "Devolution of property upon death," upon the death of Ms. Wright, her real property devolves to her heir – her husband – the Plaintiff.

16. Plaintiff has resided at the Property since 1995, and still resides at the Property as of the date of filing of this Complaint.

17. Pursuant to the Defendant's Motion for Relief filed in the above captioned case number, on June 27, 2016, tax sale certificate number 16-00159 was purchased, secured by the Property, which was ultimately assigned to Trystone Capital Assets, LLC on November 19, 2019.

18. On December 13, 2018, Cazenovia Creek Funding, LLC filed a Complaint for Foreclosure of Tax Sale Certificate against Bankers Trust Company of California and John and Jane Doe (the "Foreclosure Complaint"). See **Exhibit F**.

19. The Foreclosure Complaint incorrectly avers that the owner of the Property is Bankers Trust Company of California.

20. At the time the Foreclosure Complaint was filed, the Property was owned by Plaintiff by virtue of New Jersey law.

21. On March 13, 2019, Defendants amended their complaint in the foreclosure action to join defendants State of New Jersey, John and Jane Doe by virtue of their occupancy at the Property, Hidden Mill Condo Association, and Peachtree Condo Association.

22. On June 20, 2019, Defendants filed a third amended complaint in the foreclosure action to attach schedule and to join Hidden Mill Condo Association and Peachtree Condo Association.

23. On July 30, 2019, Notice was filed dismissing the foreclosure action as to Jane and John Doe, who were originally listed in the Complaint as tenants of the property, which, had they not been dismissed, could have potentially led to proper notice of the Plaintiff. See **Exhibit G**.

24. Also on July 30, 2019, Lauren Conway, paralegal to counsel for Cazenovia Creek Funding II, LLC, filed a Certification of Mailing, certifying that the initial Complaint was served upon Deutsche Bank National Trust Company, the Second Amended Complaint was served upon Deutsche Bank National Trust Company, the State of New Jersey, and Peachtree Condo Association, and the Third Amended Complaint was served upon Deutsche Bank National Trust Company, the State of New Jersey, Hidden Mill Condo Association and Peachtree Condo Association, Inc. See collectively, **Exhibit H**. Absent from the certification was any attempt to serve the owner / current and then resident of the property.

25. On August 13, 2019, the Superior Court of New Jersey issued an Order in the foreclosure action setting a date, time, place and amount to redeem the Property. See **Exhibit I**.

26. On January 16, 2020, the Superior Court of New Jersey entered an Order substituting Trystone Capital Assets, LLC, Defendants here, for Cazenovia Creek Funding, LLC, as plaintiff in the foreclosure action.

27. On January 17, 2020, Final Judgment was entered in favor of Trystone and against Deutsche Bank National Trust Company, State of New Jersey, Hidden Mill Condo Association and Peachtree Condo Association. See **Exhibit J**.

28. At the time of the entry of Final Judgment, Plaintiff was the lawful owner of the Property and was not a party in the foreclosure proceedings and consequently did not receive notice of the Judgment.

29. At no point in time was Plaintiff in this action properly served with or given notice of any foreclosure Complaint or other pleadings/orders in the foreclosure action.

30. On February 13, 2020, Plaintiff filed a Voluntary Petition for Individuals Filing for Bankruptcy.

31. Pursuant to Schedule A/B of the Petition, Plaintiff's ownership interest in the property is valued at $155,00 less an estimated $20,150 cost of sale, totaling $134,850.

32. At the time of entry of the Order setting date, time, place and amount of redemption, the amount to redeem was $19,345.27. See Exhibit I.

33. Plaintiff has filed a Chapter 13 plan to cure the total amount of redemption together with 18% interest over the course of a 60-month plan.

## COUNT I – FRAUDULENT TRANSFER

34. The allegations contained in paragraph 1 – 33 are incorporated herein as if fully restated in their entirety.

35. This Count is brought pursuant to 11 U.S.C. § 548 (a) (1) (B) of the Bankruptcy Code, which states that any transfer of an interest of the debtor in property that was made within 2 years before the date of the filing of a petition may be avoided if the debtor, voluntarily or involuntarily, received less than a reasonably equivalent value in exchange for such transfer and was insolvent on the date that such transfer was made.

36. Not only was Plaintiff never made aware of the foreclosure action, he has received nothing in exchange for the transfer. With the property valued at $155,000, Plaintiff unquestionably received far less than reasonably equivalent value in exchange.

37. Plaintiff was insolvent at the time the Property was transferred and/or the transfer rendered the Debtor insolvent.

38. The transfer is thus avoidable pursuant to 11 U.S.C. § 548 (a) (1) (B) of the Bankruptcy Code.

**WHERFORE** Plaintiff respectfully requests this Honorable Court enter judgment:

a. Setting aside the transfer as fraudulent pursuant to 11 U.S.C § 548 (a) (1) (B);

b. Recovering the Property on behalf of the Debtor and the Debtor's estate pursuant to 11 U.S.C. § § 550 and 551;

c. Compelling the Defendant to take all steps necessary to restore title to the Plaintiff within 30 days from the date of judgment; and

d. Such further relief as the Court may deem just and equitable.

### COUNT II - PREFERENCE

39. The allegations contained in paragraph 1 – 38 are incorporated herein as if fully restated in their entirety.

40. This Count is brought pursuant to 11 U.S.C. § 547(b) of the Bankruptcy Code, which states that a transfer of an interest of the debtor in property may be avoided if made to or for the benefit of a creditor, for or on account of an

antecedent debt owed by the debtor before such transfer was made, while the debtor was insolvent, made on or within 90 days before the date of the filing of the petition, that enables such creditor to receive more than such creditor would have received if the case were filed under chapter 7 and the transfer had not been made and such creditor received payment for such debt to the extent provided under bankruptcy law.

41. The Plaintiff's interest in the Property was involuntarily transferred to the Defendant on January 17, 2020, within 90 days before the date of the filing of the Bankruptcy Petition which occurred on February 13, 2020.

42. The transfer was for the financial benefit of the Defendant.

43. The transfer was for or on account of an antecedent debt – property taxes - owed by the Plaintiff before the transfer was made.

44. The transfer was made while the Plaintiff was insolvent.

45. The transfer enabled the Defendant to receive more than it would have received if (a) the Plaintiff was in a case under chapter 7 of the Bankruptcy Code, (b) the transfer had not been made, and (c) the Defendant received payment of such debt to the extent provided by the provisions of title 11 because the value of the property greatly exceeds Defendant's claim.

46. The Transfer is thus voidable pursuant to 11 U.S.C. §547 (b) of the Bankruptcy Code.

**WHEREFORE** Plaintiff respectfully requests this Honorable Court enter judgment:

a. Setting aside the transfer pursuant to 11 U.S.C § 547 (b);

b. Recovering the Property on behalf of the Plaintiff and the Debtor's estate pursuant to 11 U.S.C. § § 550 and 551;

c. Compelling the Defendant to take all steps necessary to restore title to the Plaintiff within 30 days from the date of entry of judgment; and,

d. Such further relief as the Court may deem just and equitable.

## COUNT III – VIOLATION OF N.J.S.A. TITLE 54

47. The allegations contained in paragraph 1 – 46 are incorporated herein as if fully restated in their entirety.

48. This Count is brought pursuant to N.J.SA. § 54:5, governing suits in equity to foreclose rights of redemption regarding unpaid taxes on real property.

49. Pursuant to section 54:5-86.3, in any such action to foreclose rights of redemption under Title 54, the owner <u>shall be made a party</u>. Emphasis added.

50. The owner is and was Plaintiff at all relevant times for purposes of this Complaint.

51. Pursuant to section 54:5-91, if, with the exercise of reasonable diligence, the owner cannot be determined, the owner may be named as an "unknown owner" or "unknown claimant."

52. Had Defendant complied with Title 54 governing their foreclosure complaint, Plaintiff, owner and resident of the property, would have received notice of the foreclosure proceedings.

53. While the Foreclosure Complaint initially listed John and Jane Doe as tenants, they were ultimately dismissed as defendants and at no time was service ever attempted on the Property.

54. At no point in time was Plaintiff, as owner and resident of the Property, included in or notified of the Foreclosure Complaint, in violation of Title 54.

**WHEREFORE** Plaintiff respectfully requests this Honorable Court set aside the January 17, 2020 Final Judgment entered against non-owners of the Property and confirm the Chapter 13 plan calling for payment to redeem the property.

## COUNT IV – DENIAL OF DUE PROCESS

55. The allegations contained in paragraph 1 – 54 are incorporated herein as if fully restated in their entirety.

56. The Fourteenth Amendment to the Federal Constitution provides: "No State shall make or enforce any law which shall . . . . deprive any person of life, liberty or property, without due process of law." This is consistent with Article I, par. 1 of the New Jersey Constitution, which also protects a person's right to acquire, possess, and protect property. That the property interests mentioned in both Constitutions refer to interests in real estate have been settled by innumerable decisions by both this Court and the United States Supreme Court. *See, e.g., Bd. of Regents v. Roth*, 408 U.S. 564, 571-72 (1972); *Jones v. Haridor Realty Corp.*, 37 N.J. 384, 391 (1962) ("There is no doubt that the right to acquire, own and dispose of real property is

within the protective scope of the Fourteenth Amendment, or that such right is recognized by Article I, paragraph 1, of our State Constitution.").

57. An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections, and it must afford a reasonable time for those interested to make their appearance. *Mullane v. Central Hanover B. & T. Co.,* 339 U.S. 306, 314 (1950).

58. The Defendant utilized the Court system through its foreclosure action to obtain a judgment depriving Plaintiff of his property.

59. The Defendant denied Plaintiff the most fundamental requirement of due process by failing to provide notice reasonably calculated to apprise him of the foreclosure action.

60. Plaintiff's constitutional rights were violated as a direct result of Defendant's foreclosure proceedings.

**WHEREFORE** Plaintiff requests this Honorable Court set aside the January 17, 2020 Final Judgment entered against non-owners of the Property and dismiss the foreclosure action.

Dated: 4/29/2020  /s/ William H. Oliver, Jr.
WILLIAM H. OLIVER, JR., ESQ.
Attorney for Debtor