| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>In Re:<br>Leneto Runee Wright<br><br>Debtor. | Case No.:     20-12415-ABA<br><br>Chapter:       13 |
| Leneto Runee Wright, plaintiff<br><br>v.<br><br>Trystone Capital Assets, LLC, defendant | Adv. Proc. No.    20-1236-ABA<br><br>Judge:     Andrew B. Altenburg, Jr. |

## MEMORANDUM DECISION

The parties have asked this court to decide what the debtor/plaintiff can recover from the avoidance of the defendant's fraudulent transfer. The court finds that, as a chapter 13 debtor only has standing to avoid fraudulent transfers through section 522,[1] recovery is limited to the amount of the debtor's exemption.

## JURISDICTION AND VENUE

This matter before the court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F) and (H), and the court has jurisdiction pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(a) and the Standing Order of Reference issued by the United States District Court for the District of New Jersey on July 23, 1984, as amended on September 18, 2012, referring all bankruptcy cases to the bankruptcy court. The following constitutes this court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

## BACKGROUND

The debtor, Leneto Runee Wright, filed an adversary proceeding against Trystone Capital Assets, LLC, alleging preferential and fraudulent transfer counts in connection with the tax sale certificate foreclosure of Mr. Wright's residence. Doc. No. 1. The chapter 13 trustee filed a letter stating that she declined to pursue in an action to avoid the transfer, but should the court decide that she would have that ability, then the debtor would have standing to pursue such an action in her place under 11 U.S.C. § 522(h). Doc. No. 45, p. 3.

---

[1] Mr. Wright did not plead section 522(h) in his complaint, but Trystone did not raise this, and the court holds that it is too late to raise it now.

Both parties filed motions for summary judgment. Doc. Nos. 48. 49. This court issued an opinion and order granting Trystone's Motion for Summary Judgment to dismiss the preference count but denied both motions on the fraudulent transfer count without prejudice for Mr. Wright to submit evidence consistent with the law outlined in the opinion. Doc. Nos. 55, 56; *In re Wright*, 20-12415-ABA, 2022 WL 10192004 (Bankr. D.N.J. Oct. 17, 2022). After that submission, Trystone advised the court that it conceded that all the necessary elements to avoid a fraudulent transfer were met but that the parties disagreed as to what the debtor could recover. Both parties having submitted memorandum of law on the issue, Doc Nos. 61, 62, 63, the matter is now ripe for adjudication.

## DISCUSSION

As just related, the parties agreed that the transfer of Mr. Wright's real property to Trystone was avoidable under section 548(a)(1)(B). But as the court stated in its earlier opinion, and the trustee warned in a filing, Mr. Wright's standing to do so came from section 522(h). *In re Wright*, 2022 WL 10192004, at *2, *8; Doc. No. 45. As will be explained, section 522(h) limits the extent of a chapter 13 debtor's avoidance action, which then logically limits what a chapter 13 debtor can recover.

In determining a statute's meaning, a court starts "with the language of the statute itself." *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241 (1989). Where the language is plain, "the sole function of the courts is to enforce it according to its terms." *Id.* (quoting *Caminetti v. United States,* 242 U.S. 470, 485, 37 S. Ct. 192, 194, 61 L. Ed. 442 (1917)). The Supreme Court has also ruled that "'[w]here a statute ... names the parties granted [the] right to invoke its provisions, ... such parties only may act.'" *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6–7 (2000) (quoting 2A N. Singer, Sutherland on Statutory Construction § 47.23, p. 217 (5th ed. 1992)).

With those precepts in mind, the court observes that section 548 provides that "[t]he *trustee* may avoid any transfer . . . of an interest of the debtor in property . . . ." 11 U.S.C. § 548(a) (emphasis provided). It does not say that a "debtor" may do so. "Congress expressly conferred the avoiding powers on the trustee." *In re Hansen*, 332 B.R. 8, 13 (B.A.P. 10th Cir. 2005); *In re Binghi*, 299 B.R. 300, 305 (Bankr. S.D.N.Y. 2003) ("The relevant statutory language restricts the Chapter 5 avoidance powers to trustees. *See* 11 U.S.C. §§ 544, 545, 547, 548, 549, 1303.").

This plain language creates some confusion by seemingly limiting the avoidance power to "the trustee." But Congress has specifically provided for chapter 11 and 12 debtors-in-possession (with few exceptions and limitations) to have all the powers of a trustee – including avoiding powers under section 548. 11 U.S.C. §§ 1107(a), 1203. *See In re Cybergenics Corp.*, 226 F.3d 237, 244 (3d Cir. 2000) ("the [chapter 11] debtor in possession is similarly endowed to bring certain [fraudulent transfer] claims on behalf of, and for the benefit of, all creditors."). However, the same is not true for Chapter 13 debtors who are only granted the powers of a trustee under certain subsections of section 363. 11 U.S.C. § 1303. *See In re Hansen*, 332 B.R. at 12 (stating that, in contrast to chapters 11 and 12, avoiding powers are not within the exclusive rights of chapter 13 debtors under section 1303); *21st Mortgage Corp. v. Warfel*, 22-CV-88-JDP, 2022 WL

17663908, at *2 (W.D. Wis. Dec. 14, 2022) (pointing out that chapter 13 does not have a similar provision as section 1107); *In re Binghi*, 299 B.R. at 300 (same).

Nevertheless, section 522(h) provides:

The debtor may avoid a transfer of property of the debtor . . . to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—

> (1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and
> (2) the trustee does not attempt to avoid such transfer.

11 U.S.C. § 522(h). Applicable here, section 522(g)(1) allows a debtor to exempt property the trustee avoids if the transfer was not a voluntary transfer, and the debtor did not conceal the property. 11 U.S.C. § 522(g)(1). Thus, if meeting all these requirements, chapter 13 debtors can avoid transfers through section 522(h). *In re Hansen*, 332 B.R. at 13 (holding that Congress limited avoidance by chapter 13 debtors to the narrow situation of avoiding involuntary transfers of exempt property); *In re Rothenbush*, 8:16-BK-02521-RCT, 2017 WL 933019, at *2 n. 6 (Bankr. M.D. Fla. Feb. 28, 2017) ("In chapter 13, [the power to avoid a preferential transfer] and other avoidance powers remain with the chapter 13 trustee, except to the extent authorized in section 522(h)."). Congress knew how to give debtors avoidance powers (as evidenced by § 522(h)); Congress could also have expressly given 'debtors' the avoiding powers of § 544, § 545, § 547, § 548, and § 549." *In re Hansen*, 332 B.R. at 13. *See In re Klingbeil*, 119 B.R. 178, 181 (Bankr. D. Minn. 1990) (describing debtor's avoidance powers under section 522(h) as "derivative").

Other courts in this district agree that a chapter 13 debtor only has standing to avoid a transfer through section 522(h). *See In re Nealy*, 623 B.R. 278, 283 (Bankr. D.N.J. 2021) (chapter 13 debtor can only avoid a transfer if subsections (g)(1) and (h) of section 522 are satisfied; they have no independent right of action); *In re Steck*, 298 B.R. 244, 248 (Bankr. D.N.J. 2003) (holding that chapter 13 debtor does not have standing to exercise trustee's avoiding powers); *In re Hayles*, 200 B.R. 26, 27-28 (Bankr. D.N.J. 1996) (stating that the debtor's standing to avoid a lien would be limited to the circumstances set forth in section 522(h)) (citing *In re Tash,* 80 B.R. 304, 305–06 (Bankr. D.N.J. 1987)).

Here, the trustee declared on the record that she did not intend to avoid the transfer, the debtor claimed an exemption in the property, the transfer was not voluntary, and the debtor did not conceal the property. Therefore Mr. Wright can proceed through section 522(h).

But what exactly could he avoid? A close—and plain—reading of the first sentence of section 522(h) shows that avoidance is limited "***to the extent that the debtor could have exempted such property under subsection (g)(1) of this section***. . . ." 11 U.S.C. § 522(h) (emphasis added). Thus, avoidance through section 522(h) is limited to the extent of a debtor's exemption in the property avoided. Mr. Wright, therefore, could only avoid up to his exemption in the property, here, $25,150.

Other courts also understand section 522(h) this way. *See In re Turner*, 490 B.R. 1, 2 (Bankr. D.D.C. 2013) (section 522(h) only allows avoidance to the extent of the debtor's exemption) (citing *Dawson v. Thomas (In re Dawson),* 411 B.R. 1, 24 (Bankr. D.D.C. 2008)); *In re Young*, 390 B.R. 480, 489 (Bankr. D. Me. 2008) (debtors could only avoid lien to the extent of their allowed exemptions under section 522(h)). As the court in *In re Compton*, 97-31367DWS, 1998 WL 372659 (Bankr. E.D. Pa. June 22, 1998), explained:

> I note, however, that the Complaint is fashioned as an action under § 547 seeking to avoid the full amount of the judgment lien as a preference as opposed to an action under § 522(h) to avoid that portion of the judgment lien that impairs her exemption. While it is clear that the former remedy is available to the Chapter 13 trustee if the elements of § 547(b) are established, Defendant contends, and I agree, that the Plaintiff/Debtor's ability to utilize the trustee's avoiding powers is limited to the extent of the exemption that is being impaired.

*Id.*, at * 3 (emphasis added).

Courts that instead have ruled that chapter 13 debtors can exercise the avoiding powers directly, not just through section 522(h), focus on factors such as the role of the chapter 13 trustee, legislative history, and equitable concerns. *In re Kalesnik*, 571 B.R. 491, 497 (Bankr. D. Mass. 2017) (explaining justifications). "However, such rationales 'ignore the plain language of the statute.'" *Id. See In re Funches*, 381 B.R. 471, 496 (Bankr. E.D. Pa. 2008) ("I find the Code to be clear and unambiguous on the subject of a debtor's authority to exercise the trustee's avoidance powers and conclude that implying additional rights to chapter 13 debtors does violence to the balance of rights among debtors, trustees and creditors that has been carefully constructed in the statute."); *In re Ryker*, 315 B.R. B.R. 664, 674 (Bankr. D.N.J. 2004) (finding unpersuasive the reasoning given to allow chapter 13 debtors to avoid transfers other than through section 522(h), adding that "a reading of the statute in which only the Chapter 13 trustee has standing to prosecute avoidance actions is not inconsistent with the other rights and responsibilities of a Chapter 13 debtor, and is no real impediment to proposing or performing a Chapter 13 plan."); *In re Steck*, 298 B.R. at 248 (in declining to read section 1303 "in a manner . . . inconsistent with its plain language," stating "'the bankruptcy court cannot waive or modify Bankruptcy Code requirements that are plain and unambiguous because it agrees with the policy underlying the debtor's arguments.'") (quoting *In re Columbia Gas Systems, Inc.,* 33 F.3d 294, 302 (3d Cir. 1994)); *Matter of Mast*, 79 B.R. 981, 982 (Bankr. W.D. Mich. 1987) (rejecting the reasoning of courts using the "'realities of bankruptcy practice' to justify a strained interpretation of the Bankruptcy Code"). This court also rejects those holdings as ignoring the plain language of the statute.

This distinction—that chapter 13 debtors can only avoid transfers through section 522(h)—informs what a chapter 13 debtor can recover. "An avoidance nullifies the transfer. As a result, the transferred property becomes a part of the estate automatically. A recovery, on the other hand, forces the transferee to return the property or become personally liable for its value." *Cong. Credit Corp. v. AJC Int'l*, 186 B.R. 555, 558 (D.P.R. 1995).

To determine what can be recovered, the court again looks to the plain language of the statute. Section 522(i)(1) provides that "if the debtor avoids a transfer . . . under subsection (f) or (h) of this section, the debtor may recover in the manner prescribed by, and subject to the limitations of, section 550 of this title, the same as if the trustee had avoided such transfer" and "may exempt any property so recovered under subsection (b) of this section." 11 U.S.C. § 522(i)(1). Section 550 provides that "Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property of this title. . . ." 11 U.S.C. § 550(a).

The key words in section 550(a), again, are "to the extent that a transfer is avoided." That means only to the extent of the debtor's exemption. It is axiomatic that one can only recover what one has avoided. Thus, Mr. Wright can only recover the amount of his exemption. *See In re Compton*, 1998 WL 372659, at *3 ("Stated another way, the Plaintiff may not recover more than the amount of her exemption less any part of the exemption otherwise utilized."). Section 522(i)(2) supports this conclusion in preserving avoided transfers for the benefit of the debtor only "to the extent that the debtor may exempt such property under subsection (g) of this section or paragraph (1) of this subsection." 11 U.S.C. § 522(i)(2).

Because Mr. Wright only avoided $25,150 of the transfer, he only can recover $25,150 of the property or its value. As for whether the court orders return of the property or its value, because the property is worth well more than $25,150, it would be inequitable to Trystone to have to return the real property. The court shall order that Trystone pay Mr. Wright the value of his exemption: $25,150.

In so deciding, this court breaks with those that hold that a chapter 13 debtor's ability to recover pursuant to section 550(a) means that they can also recover "for the benefit of the estate." That is what a trustee (or chapter 11 or 12 debtor-in-possession) is charged with under section 550(a), while a chapter 13 debtor comes to section 550(a) only through section 522(i)(1), which only allows a debtor to recover "in the manner prescribed by, and subject to the limitations of, section 550 of this title." "Manner" means "the mode or method in which something is done or happens : a mode of procedure or way of acting." "Manner." *Merriam-webster.com.* 2023. https://www.merriam-webster.com (March 28, 2023). Accordingly, this court reads "in the manner prescribed by" to mean that, like a trustee, the debtor can recover from the initial transferee or any immediate or mediate transferee of such initial transferee. 11 U.S.C. § 550(a)(1), (2). *See* House Report No. 95-595, 95th Cong., 1st Sess. 363 (1977) ("Subsection (i) permits recovery by the debtor of property transferred in an avoided transfer from either the initial or subsequent transferees."). "Subject to the limitations of, section 550 of this title" refers to the prohibition on recovering from a good faith transferee taking for value, or any immediate or mediate transferee of such initial transferee. *See* 11 U.S.C. § 550(b); *In re Straight*, 35 B.R. 445, 446 (Bankr. D. Or. 1983). Further, a chapter 13 debtor, like a trustee, "is entitled to only a single satisfaction under subsection(a) of [section 550]." 11 U.S.C. § 550(d). Another limitation requires that an action or proceeding under section 550 not be commenced after the earlier of one year after the avoidance of the transfer or the time the case is closed. 11 U.S.C. § 550(f). To read "in the manner" to include "for the benefit of creditors" increases recovery beyond what the chapter 13 debtor is permitted to avoid.

This reasoning is also supported by subsections (a)(3) and (a)(4) of section 541 that makes property of the estate any interest in property that the trustee recovers under section 550 and any interest preserved for the benefit of the estate under section 551. 11 U.S.C. § 541(a)(3), (4). Missing is property avoided by the debtor. Exempted property is, of course, exempted *from* property of the estate. 11 U.S.C. § 522(b)(1). And as just pointed out, section 522(i)(2) only preserves for the debtor a transfer to the extent that the debtor may exempt such property.

Thus, Mr. Wright's discussion about section 550(a)'s recovery being for the "benefit to the estate" is not applicable here, since chapter 13 debtors can only recover their exemption—i.e., recovery only benefits them. *In re Funches*, 381 B.R. 471, 492 (Bankr. E.D. Pa. 2008) ("Where all of the statutory prerequisites under § 522(g)(1) and (h) have been satisfied, a debtor may use the trustee's avoiding powers *for his or her own benefit*.") (emphasis added, footnote omitted). "Benefit of the estate" is only properly raised when a trustee or a chapter 11 or 12 debtor-in-possession avoids a transfer. *See In re Cybergenics Corp.,* 226 F.3d 237, 244–47 (3d Cir. 2000) (noting that courts have limited a debtor's exercise of avoidance powers to circumstances in which such actions would in fact benefit the creditors, not the debtors themselves); *In re Messina*, 687 F.3d 74, 83 (3d Cir. 2012) (clarifying that a debtor may benefit from an avoidance if they filed an exemption). Indeed, when the Third Circuit Court of Appeals stated that "Section 550 permits the debtor-in-possession or trustee to 'recover, for the benefit of the estate' property whose transfer has been avoided . . . ," *In re Majestic Star Casino, LLC*, 716 F.3d at 750, it was referring to a chapter 11 debtor-in-possession, not a chapter 13 debtor. Because these debtors-in-possession are operating "essentially as a trustee," they "act on behalf of the bankruptcy estate, that is, for the benefit of the creditors." *Cybergenics*, 243.

Mr. Wright also cited *Hirsch v. Gersten (In re Centennial Textiles, Inc.)*, 220 B.R. 165, 176 (Bankr. S.D.N.Y. 1998), as stating "Section 550(a) is intended to restore the estate to the financial condition it would have enjoyed if the transfer had not occurred." Doc. No. 61, p. 4. This assertion traces back to *In re Baker*, 17 B.R. 392, 395 (Bankr. W.D.N.Y. 1982) ("The purpose and thrust of this section is to restore the debtor's financial condition to the state it would have been had the transfer not occurred."). But while many courts have repeated this "truism," even within the Third Circuit, *see In re GGI Properties, LLC*, 568 B.R. 231, 258 (Bankr. D.N.J. 2017); *In re David Cutler Indus., Ltd.*, 502 B.R. 58, 78 (Bankr. E.D. Pa. 2013); *In re EBC I, Inc.*, 380 B.R. 348, 362 (Bankr. D. Del. 2008), *Baker* cites no authority, such as legislative history, for the proposition.

In sum, to recover either the entire value of the real property or the real property itself in this case, the chapter 13 trustee had to avoid the transfer. *In re Young*, 390 B.R. at 489 (stating that the chapter 13 trustee's failure to avoid a lien for the benefit of the estate, "allows the debtors to avoid Camelot's lien to the extent of their allowed exemptions under § 522(h). . . ."). Had the chapter 13 trustee done so here, then her recovery would be for the benefit of creditors, with the debtor still only entitled to his exemption. 11 U.S.C. § 522(g); *Matter of Varquez*, 502 B.R. 186, 190 (Bankr. D.N.J. 2013) (noting that, had the chapter 13 trustee avoided the transfer, the debtors could have asserted their exemptions against the proceeds of the property); *see In re Ryker*, 315 B.R. at 670 (stating that "the exercise of avoidance powers by a Chapter 13 trustee can be a means to fulfill the duty to 'assist the debtor in performance under the plan,' set forth in § 1302(b)(4).").

But the chapter 13 trustee opted not to avoid the transfer. And who is to say this court even would have ordered return of the real property then, versus its value.

While the result here may feel unfair, it is a greater outcome for the debtor than would occur outside of bankruptcy. New Jersey state law bars a property owner from avoiding a tax sale foreclosure. N.J.S.A. 54:5-104.32; *In re GGI Properties, LLC*, 568 B.R. 231, 247 (Bankr. D.N.J. 2017). Within bankruptcy, the debtor at least may recoup their federal exemption. Regarding chapter 7 debtors, one court has theorized that, "since the trustee has no incentive to avoid transfers if the debtor will claim the property thus freed as exempt, *see* 11 U.S.C. section 522(g), the debtor is given limited power to avoid such transfers[.]" *In re Driver*, 133 B.R. 476, 478 (Bankr. S.D. Ind. 1991). In the chapter 13 context, it might be in a chapter 13 trustee's interest and arguably, duty, under section 1302(b)(4) and, where paying a secured lien in full forces a debtor into a plan longer than three years or makes proposing a feasible plan impossible, "to use the transfer avoidance powers to enable the debtor to propose and perform a feasible plan." *Id.*, 480. It therefore concluded "that there is no justification or necessity for allowing a Chapter 13 debtor to use a trustee's transfer avoidance powers for his or her personal benefit, except to the extent allowed by 11 U.S.C. section 522(g) and (h)." *Id. See In re Rothenbush*, 8:16-BK-02521-RCT, 2017 WL 933019, at *3 (Bankr. M.D. Fla. Feb. 28, 2017) (relating workarounds such as debtors offering a retainer to the trustee to pursue the avoidance claim, or trustees hiring debtor's counsel as special counsel to pursue the claims).

Finally, Trystone complains that the debtor requests that it pay the debtor's attorney's fees relating to the adversary proceeding. The debtor did not so request in his complaint, thus the court assumes that Trystone means that the debtor effectively has Trystone paying the debtor's attorney fees by including those fees as a deduction from the section 550 recovery.[2] Since the debtor of course is limited to recovering his exemption, not his exemption plus enough to pay all claims and administrative expenses, Mr. Wright's attorney's fees will not be paid by Trystone.

## CONCLUSION

The court will grant Mr. Wright's Motion for Summary Judgment, and deny Trystone's Motino for Summary Judgment, on Count I of Mr. Wright's complaint, avoiding the tax sale certificate foreclosure as a fraudulent transfer. Trystone will be ordered to pay the debtor $25,150.

An appropriate judgment has been entered consistent with this decision.

---

[2] To the extent that Trystone meant that the debtor was attempting to fee shift, the court agrees that the American Rule prohibits such. *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252–53 (2010) ("Our basic point of reference when considering the award of attorney's fees is the bedrock principle known as the 'American Rule': Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise.") (internal quotation omitted).

The court reserves the right to revise its findings of fact and conclusions of law.

/s/ Andrew B. Altenburg, Jr.
United States Bankruptcy Judge

Dated: March 29, 2023